COURT OF APPEALS
DECISION
DATED AND FILED

December 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2020AP1458**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2019CV9779**

**IN COURT OF APPEALS
DISTRICT I**

VK CITGO LLC AND GURDEV SINGH,

    PETITIONERS-APPELLANTS,

    V.

CITY OF MILWAUKEE AND CITY OF MILWAUKEE COMMON COUNCIL,

    RESPONDENTS-RESPONDENTS.

    APPEAL from an order of the circuit court for Milwaukee County: CHRISTOPHER R. FOLEY, Judge. *Affirmed*.

    Before Brash, C.J., Donald, P.J., and White, J.

    ¶1    BRASH, C.J. VK Citgo LLC and Gurdev Singh (collectively "Citgo") appeal the order of the circuit court affirming the decision of the City of Milwaukee and the City of Milwaukee Common Council (collectively the "City") not to renew Citgo's licenses for Extended Hours Establishment, Filling Station,

Weights and Measures, and Food Dealer (the "Licenses"). Citgo argues that the hearing notice sent by the City regarding the potential nonrenewal of the Licenses was inadequate, in that it did not contain specific reasons that the City was considering denying Citgo's renewal application, as required under the City of Milwaukee Code of Ordinances. Therefore, Citgo asserts that the City failed to act according to law and violated Citgo's due process rights. Upon review, we affirm.

## BACKGROUND

¶2 Citgo operated a gas station located on North 35th Street in Milwaukee for over sixteen years. During that time, Citgo possessed the Licenses for the operation of the gas station, and had never been the subject of any disciplinary suspension or revocation actions relating to those Licenses.

¶3 According to its petition for certiorari review, Citgo applied for renewal of the Licenses in October 2019. In response, the City sent Citgo a notice of hearing dated November 22, 2019, stating that there was "a possibility" that Citgo's license renewal application may be denied for a number of reasons, including whether the gas station "tends to facilitate a public or private nuisance," or if it "has been the source of congregations of persons" which resulted in complaints such as illegal drug activity, disturbing the peace, thefts, assaults, and batteries. A report from the License Investigation Unit of the Milwaukee Police Department (MPD) was attached to the hearing notice, itemizing incidents occurring at the gas station that had been reported to the police. Also attached to the hearing notice was a letter sent to Citgo in August 2019 by MPD District Commander Captain Jeffrey Norman, advising Citgo that MPD had determined that the gas station was a nuisance property pursuant to the ordinances. The hearing notice

requested that Citgo appear before the licensing committee for a hearing on December 3, 2019.

¶4      At the hearing, Captain Norman testified regarding the incidents listed in the police report that was attached to the hearing notice.[1]   These incidents included several shootings, armed robberies, illegal drug transactions, and panhandling complaints.   Captain Norman stated that Citgo had submitted an abatement plan as required by the nuisance notice, but that he had rejected it.   The captain recommended that only the Extended Hours Establishment license, which allows the gas station to stay open twenty-four hours a day, not be renewed.

¶5      Three representatives from the Near West Side Partners also testified in opposition to renewing the Licenses, noting many of the same problems described by Captain Norman.   Alderman Robert Bauman, who represents the district where the gas station is located, also testified in opposition to renewing the Licenses, observing that the gas station had been a "consistent problem."

¶6      Counsel for Citgo argued to the committee that the neighborhood where the gas station is located suffers from many "challenges," and that the incidents reported as occurring at the gas station often started somewhere else in the neighborhood.   Citgo further noted that it had numerous security cameras and security guards for the gas station.

---

[1] Although there are references in the record to a disc containing information from the hearings before the licensing committee and the Common Council, which was apparently submitted to and reviewed by the circuit court, that disc was not included in the record filed with this court. Thus, the information in this opinion regarding the notice and hearings was taken from other documents in the record that described them.

¶7 Nevertheless, the committee voted to recommend that all of Citgo's Licenses not be renewed. At a subsequent hearing, the Common Council adopted the committee's recommendation.

¶8 Citgo then filed a petition for certiorari review with the circuit court. It argued that the City had not acted in accordance with the law because the hearing notice it provided lacked specificity and was therefore inadequate under the ordinances. It also argued that the decision was arbitrary because it was not supported by substantial evidence.

¶9 The circuit court rejected Citgo's arguments. It found that the notice was sufficient, in that the police report attached to the notice—including the letter from Captain Norman designating the gas station as a nuisance—provided "more than adequate specificity" of the issues that would be considered by the licensing committee and Common Council. Moreover, the court found that the incidents in the report provided sufficient evidence for the City's determination that all of Citgo's Licenses should not be renewed.

¶10 Therefore, the circuit court denied Citgo's petition for certiorari and affirmed the City's decision not to renew the Licenses. This appeal follows.

## DISCUSSION

¶11 Citgo appeals the City's decision pursuant to WIS. STAT. § 68.13 (2019-20),[2] which permits judicial review by certiorari of the final decision of a municipal board. On certiorari review, this court is "limited to determining whether: (1) the governmental body's decision was within its jurisdiction, (2) the

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

body acted according to law, (3) the decision was arbitrary or oppressive, and (4) the evidence of record substantiates its decision." *State ex rel. Bruskewitz v. City of Madison*, 2001 WI App 233, ¶11, 248 Wis. 2d 297, 635 N.W.2d 797. We review *de novo* the municipality's decision, not the decision of the circuit court. *Id.*

¶12 It is well settled law that on certiorari review "there is a presumption of correctness and validity to a municipality's decision." *Ottman v. Town of Primrose*, 2011 WI 18, ¶48, 332 Wis. 2d 3, 796 N.W.2d 411. The petitioner bears the burden of overcoming this "presumption of correctness." *Id.*, ¶50.

¶13 On appeal, Citgo maintains its contention that the notice of hearing provided by the City was insufficient as a matter of law and thus violated its due process rights. However, as noted above, a disc containing the information relating to the proceedings by the City in this matter was not included in the record before us. "We are bound by the record as it comes to us." *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993). It is the appellant's responsibility to provide us with a record that is sufficient to review the issues being raised. *Butcher v. Ameritech Corp.*, 2007 WI App 5, ¶35, 298 Wis. 2d 468, 727 N.W.2d 546. Although Citgo provided materials relating to the City's proceedings in its appendix, an appendix "may not be used to supplement the record[.]" *Reznichek v. Grall*, 150 Wis. 2d 752, 754 n.1, 442 N.W.2d 545 (Ct. App. 1989). Therefore, "when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling." *Fiumefreddo*, 174 Wis. 2d at 27.

¶14 In the circuit court's written decision on this matter, it noted that Citgo's argument regarding the notice issue initially "gave [it] pause," but after reviewing the record from the City's proceedings, those concerns were

"substantially alleviated[.]" The court observed that Citgo's argument created the impression that the police report attached to the notice "contained such voluminous materials and incorporated so many prior years" that it was "insufficient to apprise [Citgo] of what incidences would in fact be considered by the Committee—allowing the City to ambush [Citgo]." However, upon reviewing the hearing notice and police report, the court did not find that to be the case. Rather, the court found that the police report was "concise and direct," specifically listing "shooting/weapons incidents and drug activity, incorporating summary reports of all or nearly all of the incidents authored at the times in question," and that the purported "laundry list" of incidents included in the police report involved "only minimal reference to a nominal number of incidents going back many years."

¶15 The circuit court further stated that many of these incidents had been referenced in the nuisance designation notification letter from August 2019, and that "the police synopsis would have been particularly effective in notifying [Citgo] of the specific incidents of notable concern." In short, the court found that the incidents listed in the police report "track the generic references that are clearly part of a standard form notification—including the premises facilitating a public nuisance; illegal drug activity; thefts; assaults; battery and disturbance of the peace," and therefore the notice was sufficient to meet the requirements of both the ordinances and due process.

¶16 We presume that the information on the disc, reviewed by the circuit court, supports this conclusion. *See Fiumefreddo*, 174 Wis. 2d at 27. Therefore, we conclude that Citgo has not overcome the presumption of correctness of the City's decision. *See Ottman*, 332 Wis. 2d 3, ¶50. Accordingly, we affirm the order of the circuit court upholding the determination by the City not to renew Citgo's Licenses.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.